UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS MICHENER, et al.,

        Plaintiffs,

        v.

WELLS FARGO HOME MORTGAGE, et al.,

        Defendants.
_____/

No. C 12-2003 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

        Before the court is the application of plaintiffs Douglas Michener and Maria Michener for a temporary restraining order and order to show cause re preliminary injunction. Having read plaintiffs' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the application.

## BACKGROUND

        Plaintiffs obtained a $520,000 loan from defendant Wells Fargo Bank N.A. ("Wells Fargo Bank") in August 2005. The loan was secured by a promissory note and deed of trust on the subject property, recorded August 25, 2005. The property is located in Novato, California.

        On August 2, 2010, First American Trustee Services Solutions, LLC ("First American") recorded a Notice of Default and Election to Sell Under Deed of Trust, which stated that in order to determine the balance due on the loan, plaintiffs should contact US Bank National Association, as Trustee of the Banc of America Funding 2006-A Trust ("US Bank").

        Approximately a year later, on July 29, 2011, plaintiffs filed a complaint in the

Superior Court of Marin County, against Wells Fargo Home Mortgage, First American, and US Bank. On August 2, 2011, the court granted plaintiff's motion for a TRO to halt the scheduled trustee's sale, and the court also set a hearing on the order to show cause re preliminary injunction. After a number of continuances, the hearing went forward on November 16, 2011.

The court denied the motion for preliminary injunction, finding that plaintiffs had not demonstrated that they were likely to prevail on the merits of their cause of action for declaratory relief, which sought to invalidate the notice of trustee's sale. The court noted that plaintiffs did not dispute they had been in default under the promissory note for years, and offered no excuses.

On March 29, 2012, US Bank took title to the property following a non-judicial foreclosure sale. Plaintiffs claim that because US Bank was not the lender, it lacked the power to foreclose. Plaintiffs have evidently refused to vacate the premises, and at some point thereafter, US Bank filed an unlawful detainer action in the Marin County Superior Court.

On April 23, 2012, plaintiffs filed the present action against Wells Fargo Home Mortgage, Wells Fargo Bank, and US Bank, alleging claims for negligence, quasi-contract, violation of RESPA, violation of the FDCPA, and violation of B&P § 17200 (unlawful, unfair, and fraudulent business practices), and also seeking declaratory relief and an accounting.

Plaintiffs seek $5 million in compensatory damages, plus punitive damages. They also seek an order compelling defendants to "remove any instrument which does or could be construed as constituting a cloud upon [p]laintiffs' title to the Property, including the purported Assignment of Deed of Trust," as well as an order finding that defendants have no right to the property, and an order restraining defendants from "continuing or initiating any action against the Property."

To date, the only proof of service of the summons and complaint that plaintiffs have filed shows service on Wells Fargo Home Mortgage, and the only defendant that has appeared is Wells Fargo Home Mortgage.

On July 19, 2012, plaintiffs filed an "ex parte" application for a temporary restraining order and order to show cause re preliminary injunction.

**DISCUSSION**

A.  Legal Standard

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689-90 (2008).  A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted).

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20.  Alternatively, the plaintiff may demonstrate that the likelihood of success is such that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Showing "serious questions going to the merits" requires more than establishing that "success is more likely than not;" rather, it requires a plaintiff to demonstrate a "substantial case for relief on the merits." Leiva–Perez v. Holder, 640 F.3d 962, 967 (9th Cir. 2011). And even where success on the merits is likely or "serious questions" are raised an injunction "is not a remedy which issues as of course." Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982).

B.   Plaintiffs' Motion

Plaintiffs seek an order temporarily enjoining US Bank from taking any action regarding the property at issue, including selling the property, proceeding with the unlawful detainer action previously filed in Marin County Superior Court, and/or evicting plaintiffs from the property. Plaintiffs contend that they have "now filed to set aside the trustee's sale and to quiet title to [the property] in addition to other causes of action." Motion at 3.

Plaintiffs argue that they are likely to prevail on the merits of the claims in this action, which in turn would prevent US Bank from "moving forward with the unlawful detainer due to the illegal foreclosure sale" on behalf of US Bank. They assert that if the unlawful detainer action proceeds, and they then prevail in this case, monetary compensation will not afford them complete relief because the property is their home.

Plaintiffs also assert that the TRO application is made on the ground that "the underlying action [presumably referring to the unlawful detainer action] is not a suitable vehicle to try complicated ownership issues involving fraud and deceptive practices." Motion at 2. In support of this argument, plaintiffs cite a case from the California Court of Appeal, Asuncion v. Superior Court, 108 Cal. App. 3d 141 (1980), which, they assert, held held that when a foreclosed homeowner files an action to challenge the foreclosure and faces an unlawful detainer action, it is entirely appropriate to stay further proceedings in the unlawful detainer case so that title can properly be resolved in the wrongful foreclosure/quiet title action.

Asuncion involved an unlawful detainer action brought in the San Diego Municipal Court by a finance company against defaulting borrowers, and an action brought by the defaulting borrowers in the Superior Court of San Diego County alleging claims of fraud in the acquisition of title and related causes of action against the finance company. The Court of Appeal held that the unlawful detainer action should be transferred to the superior court, because the defaulting borrowers were entitled to raise their fraud-based claims as affirmative defenses to the unlawful detainer. Id. at 146. It was in that context that the court stated that one way for the superior court to deal with both cases would be to stay the

4

unlawful detainer action in order to first consider the fraud claims.

The court finds that plaintiffs' motion must be DENIED.  As an initial matter, the court notes that plaintiffs have not cited the correct legal standard.  They cite several cases from California courts, as well as California Code of Civil Procedure § 526 and California Civil Code § 3387.  See Motion at 14, 18-19.  While they do cite Federal Rule of Civil Procedure 65, they cite no case authority relative to how Rule 65 is to be applied in federal courts.  See Motion at 12.  In addition, is not clear that plaintiffs ever served US Bank with the summons and complaint.  There is no proof of service, and US Bank has not made an appearance.

Nor have plaintiffs met their burden with regard to injunctive relief.  In particular, plaintiffs have not established that they are likely to prevail on the merits of their claims, or even established serious questions going to the merits.  They have not addressed the elements of a single one of their causes of action, or argued that they are likely to prevail as to any of those claims, except insofar as they assert that they were never provided with any evidence that the ownership of the loan was transferred from Wells Fargo to any other entity, and thus, that US Bank did not have the authority to foreclose on the property.

While plaintiffs appear to acknowledge the requirement of showing likelihood of success, and argue in general terms that they have done so, they also state that "even if he [sic] didn't [establish likelihood of success] the balance of harm tips in his [sic] favor" because they would suffer irreparable harm if they were evicted from their home.

Although the loss of one's home may constitute serious or even irreparable harm, in the absence of a likelihood of success on the merits, loss of property alone is not sufficient to obtain a TRO.  See Eshraghi v. Cal. Bank & Trust Corp., 2011 WL 4971956 (E.D. Cal. Oct. 18, 2011).  Here, US Bank foreclosed upon plaintiffs' property and now seeks to evict them.  A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 555 US. at 22.  Plaintiffs have not met their burden of establishing entitlement to injunctive relief.

The case on which plaintiffs heavily rely – Assuncion – is distinguishable because

both the actions at issue were pending in state court. Thus, it was possible for the unlawful detainer action to be transferred from municipal court to superior court, and for the Court of Appeal to suggest that one way to resolve the issue would be for the superior court to stay the unlawful detainer action pending resolution of the separate fraud action. Here, however, one action is pending in state court and one in federal court, and this court is not able to provide the requested relief.

Plaintiffs plainly seek an order "enjoining the underlying unlawful detainer action." Motion at 14. However, pursuant to the Anti-Injunction Act, the U.S. District Court has no authority to order the Marin County Superior Court to stay the unlawful detainer action. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). 28 U.S.C. § 2283.

The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970). The three exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

Neither of the three exceptions apply here. An injunction against the unlawful detainer action is not expressly authorized by Congress. Nor is such an injunction necessary to aid this court's jurisdiction. A party to an action in state court litigating possession of real property or the right to tenancy does not implicate this exception simply by filing, as here, an action purporting to litigate title to said property in federal court. See Halajian v. Deutsche Bank Nat. Trust Co., 2012 WL 1833941 at *2 (E.D. Cal. May 18, 2012). Finally, there is no judgment by this court that must be protected or effectuated by the injunction plaintiffs are seeking.

6

A number of district courts have held that a request for a TRO enjoining a state court unlawful detainer action does not fall into one of the exceptions listed in the Act.  See, e.g., Diaz v. National City Bank, 2012 WL 2129916 at *2 (S.D. Cal. June 12, 2012); Carrasco v. HSBC Bank USA, N.A., 2012 WL 646251 at *3-4 (N.D. Cal. Feb. 28, 2012); Sato v. Wachovia Mortgage, FSB, 2012 WL 368423 at *2 (N.D. Cal. Feb. 3, 2012).  This court agrees with the reasoning in those decisions, and finds that the TRO application must be DENIED.

## CONCLUSION

For the reasons stated above, the court denies the application for the TRO and order to show cause re preliminary injunction.  If plaintiffs want to take advantage of the procedure proposed in Asuncion, they can dismiss this case and refile it in the Marin County Superior Court, and ask the state court judge to stay the unlawful detainer action.

**IT IS SO ORDERED.**

Dated: July 24, 2012

PHYLLIS J. HAMILTON
United States District Judge